UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM P. EBLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:25-CV-20-CEA-JEM |
| v. | ) |
| | ) |
| BRANDON WATWOOD and | ) |
| AMBER PHILLIPS, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 10] and his Complaint [Doc. 6]. For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 10**]. The Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge dismiss Plaintiff's Complaint for failure to prosecute.

### I.      DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 10] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has no income and one asset of little value. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II.     RECOMMENDATION

On March 13, 2025, the Court entered an Order explaining that under the Prison Litigation Reform Act, it is required to screen the Complaint [Doc. 11 pp. 1–2]. Upon reviewing the Complaint, the Court found that "Plaintiff ha[d] not pleaded sufficient facts against the[] Defendants to entitle him to relief" and that "his Complaint is subject to dismissal" [*Id*. at 3 (footnote omitted)]. The Court further noted that before Plaintiff filed his Complaint, he moved for an Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction that asserted different relief against many individuals who are not named in the Complaint [*Id*. at 3 n.2]. Instead of recommending dismissal, the Court allowed Plaintiff an opportunity to amend his Complaint but directed him to do so by April 14, 2025.

Plaintiff did not respond to the Court's Order. *See* E.D. Tenn. L.R. 83.13 ("It is the duty of any party not represented by counsel . . . to prosecute or defend the action diligently."). Given that, and because it was not clear to the Court whether Plaintiff would like to pursue his case, the Court ordered Plaintiff to show cause on or before May 26, 2025, why it should not recommend dismissal for failure to prosecute. *See United States v. Wallace*, 592 F. Supp. 3d 612, 614 (E.D. Mich. 2021) ("This Court may dismiss a complaint sua sponte for failure to prosecute." (citation omitted)); E.D. Tenn. L.R. 83.13 ("The failure of a *pro se* plaintiff to timely respond to an order . . . may result in dismissal of the case or other appropriate action.").

Plaintiff did not respond to the show cause order. The undersigned therefore recommends that the District Judge dismiss the Complaint for failure to prosecute.

## II. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 10**]. But no process shall issue until the District Judge has ruled upon this Report and Recommendation[1] because the undersigned

---

[1] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

**RECOMMENDS**[2] that the Complaint [Doc. 6] be **DISMISSED** for Plaintiff's failure to prosecute.

                                           Respectfully submitted,

                                           Jill E. McCook
                                           United States Magistrate Judge

---

[2]     Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).